UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WENYI WANG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXECUTIVE OFFICE OF THE ) <br> PRESIDENT ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. <br> 1:07-cv-00891-JR |

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Executive Office of the President respectfully moves the Court to dismiss this case for lack of subject matter jurisdiction. The accompanying memorandum sets forth the grounds for this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

  /s/ Eric J. Soskin
ARTHUR R. GOLDBERG, D.C. Bar 418925
Assistant Director

ERIC J. SOSKIN, PA Bar # 200663
Trial Attorney

U.S. Department of Justice
Civil Division, Federal Programs Branch

                                                                    P. O. Box 883
                                                                    Washington, D.C. 20044
                                                                    202-353-0533 (telephone)
                                                                    202-616-8460 (facsimile)

                                                                    Counsel for Defendant

Dated: June 21, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WENYI WANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:07-cv-00891-JR |
| ) | |
| EXECUTIVE OFFICE OF THE ) | |
| PRESIDENT ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**INTRODUCTION**

Plaintiff filed this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking a response to a letter directed to the White House Press Office in June and July 2006. Plaintiff complains that "Defendant never replied to Plaintiff's FOIA request," and seeks as relief an "Order that the Defendant forthwith provide the documents sought . . . ."

This case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the White House Press Office is not an "agency" within the definition of the FOIA and Plaintiff therefore does not satisfy the jurisdictional prerequisites to maintain this action.

**BACKGROUND**

I.   Plaintiff's Complaint

Despite Plaintiff's confusing use of the term "Duplicate" to describe her initial submission to the White House Press Office, the Complaint plainly states that she mailed two near-identical copies of a single, purported FOIA request to the "White House Press Office." Compl. at ¶7 - ¶9. The Complaint

1

alleges that she mailed the first copy, bearing "counsel's original signature," via the United States Postal Service ("USPS") on June 22, 2006, and that USPS delivered it to the White House four days later. Id. at ¶9. According to the Complaint, she addressed the envelope bearing this submission to "Press Office, The White House." Id.

Plaintiff also alleges that fifteen days later, on July 7, 2006, she mailed a nearly-identical copy of her purported FOIA request, and that USPS delivered this letter on July 10, 2006. Compl. at ¶7. Like her first submission, she alleges that the salutation of the letter read "To the White House Press Office." Id. at ¶7, ¶9. Unlike her first submission, however, she alleges that she addressed the envelope to "FOIA Officer, Office of Administration, White House." Id. at ¶7.

The Complaint further alleges that Plaintiff received no reply to these letters, and that she "is entitled to obtain the documents sought." Compl. at ¶11-13. As relief, she seeks an "Order that the Defendant forthwith provide the documents sought," as well as declaratory and other relief. Id. at ¶18.

II.     The White House Press Office

The "White House Press Office" is also known as the "Office of the Press Secretary,"[1] and is headed by Tony Snow, whose formal title is "Assistant to the President and Press Secretary." See Office of the Federal Register, Nat'l Archives and Records Admin., The United States Government Manual 2006/2007 86-87 (2006) ("U.S. Gov't Manual") (available at http://origin.www.gpoaccess.gov/gmanual/).[2] Mr. Snow and the Office of the Press Secretary are part

---

[1] See, e.g., Cable News Network, Inc. v. American Broadcasting Cos., 518 F. Supp. 1238 (N.D. Ga. 1981).

[2] The Court may take judicial notice of the contents of the U.S. Gov't Manual, as it can the contents of any public document. See Thompson v. Dist. of Columbia, 478 F. Supp. 2d 5, 11 n.2 (D.D.C. 2007) (Leon, J.) ("Courts may take judicial notice of public documents, even if they are
(continued...)

2

of the "White House Office," a division of the Executive Office of the President.[3]  See id.; Exec. Order 8248, 3 C.F.R. 576 (1938-1943 Cum. Supp.) (assigning functions and duties to the Secretaries to the President).

Like other units in the White House Office, the White House Press Office "serves the President in the performance of [an] activit[y] incident to his immediate office," in this case, "facilitat[ing] . . . communication with . . . the press and other information media."  U.S. Gov't Manual at 87.  The White House Press Office serves as the President's immediate staff in handling communications with the Press, and courts treat its announcements as those of the President.  See, e.g., Hamdi v. Rumsfeld, 542 U.S. 507, 549 (2004) (Souter, J., concurring) (fact sheet cited in government's brief treated as "statement of [government's] legal position"); Center for Auto Safety v. Peck, 751 F.2d 1336, 1368-69 (D.C. Cir. 1985) (treating White House Press Office release as communicating the views of the President).

## ARGUMENT

I.   Standard of Review.

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000).  "The Court is not required, however, to accept inferences unsupported

---

[2](...continued)
not included in, or attached to the complaint.") (internal quotations omitted); Wise v. Glickman, 257 F. Supp. 2d 123, 130 n.5 (D.D.C. 2003) (Robertson, J.) ("The Court is allowed to take judicial notice of matters in the general public record . . . ) (internal quotations omitted).

[3] The White House Office is also referred to as the "Office of the President." See Sculimbrene v. Reno, 158 F. Supp. 2d 26, 29 (D.D.C. 2001) (Kollar-Kotelly, J.) ("[T]he Office of the President [is] also known as the White House Office") (internal quotations omitted).

3

by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd 346 F.3d 192 (D.C. Cir. 2003). As the party seeking to invoke the jurisdiction of a federal court, the plaintiff has the burden of establishing that jurisdiction exists. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 104 (1998).

The Court need not "dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) on the complaint standing alone." Coalition for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). Rather, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id.

II.    The Court Lacks Subject Matter Jurisdiction

A. FOIA's jurisdictional requirements

There is no subject matter jurisdiction under the FOIA unless the complainant has directed a request to an "agency." The FOIA provides for the disclosure, subject to certain exemptions, of records of an "agency," and contains a single, remedial provision with a narrow jurisdictional grant: "the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld . . . ." 5 U.S.C. § 552(a); 5 U.S.C. § 552(a)(4)(B). In Kissinger v. Reporters Comm. for Freedom of the Press, the United States Supreme Court held that this provision creates several requirements, specifying that "federal jurisdiction is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records." 445 U.S. 136, 150 (1980) (internal quotations omitted). Accordingly, "[u]nless each of these criteria is met, a district court lacks jurisdiction to devise remedies." Department of Justice v.

4

Tax Analysts, 492 U.S. 136, 142 (1989). Accord Voinche v. Executive Office of the President, 2007 U.S. Dist. LEXIS 42268 at *4 (D.D.C. June 12, 2007) (Leon, J.) (Where a person has not "direct[ed] his request towards . . . a discrete agency subject to [the] FOIA . . . the Court is [] without subject matter jurisdiction" over the FOIA claim).

### B. The White House Press Office is not an "agency"

Plaintiff is seeking records from the White House Press Office, which is not an "agency."[4] The FOIA defines "agency" as:

> any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of Government (including the Executive Office of the President) or any independent regulatory agency.

5 U.S.C. § 552(f). As the Supreme Court explained in Kissinger, although the FOIA specifically identifies the Executive Office of the President as an "agency," many entities within the Executive Office of the President are not "agencies" within the meaning of FOIA. See 445 U.S. at 156. Of particular relevance to this action, the Kissinger Court specifically concluded that the FOIA's reference to "the 'Executive Office [of the President]' does not include the Office of the President [or any of] 'the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President.'" 445 U.S. at 156 (quoting H.R. Conf. Rep. No. 93-1380 at 15 (1974)). See also Meyer v. Bush, 981 F.2d 1288, 1293 n.3 (D.C. Cir. 1993) (FOIA excludes "at least those approximately 400 individuals employed in the White House Office"); id. at

---

[4] Although Plaintiff mailed the envelope containing the second copy of her letter to the "Office of Administration," the envelope contained only a copy of the earlier request addressed to "The White House Press Office." Compl. at ¶ 7. As the Complaint plainly states, there is only one request (and a "duplicate" copy of that letter) at issue in this litigation. Id. at ¶ 9.

1310 (Wald, J., dissenting) ("We and the Supreme Court have interpreted "immediate personal staff" to refer to the staff of the Office of the President, also known as the White House Office.").

The White House Press Office is part of the White House Office, and is therefore also not an "agency" within the meaning of the FOIA. See infra 2-3; Meyer, 981 F.2d at 1293 n.3. Compare Nat'l Security Archive v. Archivist of the United States, 909 F.2d 541, 545 (D.C. Cir. 1990) (request was "without effect" under FOIA because White House Counsel is a part of the Office of the President). Like the White House Office as a whole, the sole function of the White House Press Office is to advise and assist the President by "facilitating his communications . . . with the media." U.S. Gov't Manual at 87; see In re Sealed Case, 121 F.3d 729, 758-59 (D.C. Cir. 1997) (recognizing the White House Press Secretary as a "top presidential adviser[]"). Accordingly, the FOIA does not entitle Plaintiff to request documents from the White House Press Office.[5] See Kissinger, 445 U.S. at 156.

## CONCLUSION

Plaintiff cannot invoke this Court's jurisdiction under the FOIA because he did not request documents from an "agency." Accordingly, this case should be dismissed.

> Respectfully submitted,
>
> PETER D. KEISLER
> Assistant Attorney General

---

[5] Indeed, the Court of Appeals has extended the Kissinger analysis to conclude that entities less close to the President are also excluded from the FOIA's definition of "agency." See, e.g., Armstrong v. Executive Office of the President, 90 F.3d 553 (D.C. Cir. 1996); (National Security Council); Rushforth v. Council of Economic Advisers, 762 F.2d 1038, 1040-43 (D.C. Cir. 1985) (Council of Economic Advisers). The offices and entities within the Executive Office of the President which are subject to the FOIA are listed in the White House FOIA Handbook. See http://www.whitehouse.gov/oa/foia/handbook.html.

JEFFREY A. TAYLOR
United States Attorney


 /s/ Eric J. Soskin
ARTHUR R. GOLDBERG,  D.C. Bar 418925
Assistant Director

ERIC J. SOSKIN, PA Bar 200663
Trial Attorney

United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Telephone:  (202) 353-0533
Facsimile:   (202) 616-8460
E-mail: eric.soskin@usdoj.gov

COUNSEL FOR DEFENDANT

7

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| WENYI WANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:07-cv-00891-JR |
| ) | |
| EXECUTIVE OFFICE OF THE ) | |
| PRESIDENT ) | |
| ) | |
| Defendant. ) | |

**[Proposed] ORDER**

Upon consideration of defendant's motion to dismiss for lack of subject matter jurisdiction, the opposition thereto, and the entire record herein, it is, this _____ day of _____, 2007,

ORDERED, that defendant's motion is granted; and it is

FURTHER ORDERED, that plaintiff's complaint is dismissed.

_____
James Robertson
United States District Judge