UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**WENYI WANG**
6718 Utopia Parkway
Fresh Meadows, NY 11365

      Plaintiff,

      v.              Civ. No. 1:07-cv-000891-JR

**EXECUTIVE OFFICE OF THE PRESIDENT**
White House
725 17th St., NW
Washington, DC 20503

      Defendant.
_____/

## **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Plaintiff respectfully opposes Defendant's Motion to Dismiss, for the following grounds:

The sole basis of Defendant's Motion to Dismiss ("Motion") is a claim of lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). In reviewing Defendant's Motion, the Court must accept as true the allegations of the Complaint. *Scandinavian Satellite Sys. v. Prime TV Ltd.*, 291 F.3d 839, 844 (D.C. Cir. 2002).

In this instance, the Complaint at ¶ 7, confirms that "On July 7, 2006, by certified mail, Plaintiff sent a FOIA request ("FOIA Request") precisely addressed to "FOIA Officer, Office of Administration, White House, 725 17th Street NW, Washington, DC 20503." The Complaint, at ¶ 8, confirms that this FOIA Request was received at the correct address.

Whether or not a previous FOIA request was addressed to the White House at 1600 Pennsylvania Avenue, what matters here is that the FOIA Request described at paragraph 7 of the Complaint was delivered to the correct address for receiving FOIA requests. Moreover, the Motion to Dismiss does not – because there is no basis in law for doing so – allege that the FOIA Request described at paragraph 7 of the Complaint was sent to the wrong address for properly addressed

FOIA requests.

Defendant splits hairs about whether the body of the FOIA request lists the White House Press Office, seeing that request described in paragraph 7 of the Complaint was mailed and received at the right address, which is the address of the Executive Office of the President. Moreover, as paragraph 7 of the Complaint confirms, said FOIA Request said "FOIA Request" within the four corners of the FOIA Request itself. Consequently, there was no mistaking by the sender or recipient of said FOIA Request that the request was intended for the Executive Office of the President. Moreover, Defendant does not allege that the Executive Office of the President sought any clarification about the FOIA Request, seeing that no clarification was needed, and none was sought.

Additionally, the FOIA clearly provides that it includes the President. Particularly in light of the above discussion, Defendant's hairsplitting over "White House Press Office" is of no moment.

Finally, the Motion do Dismiss is filed one day late, and should be rejected for that reason, as well. As will be shown in the Declaration of Service to be filed by July 6, 2007, all Complaints and Summonses were received by May 21, 2007, yet the Motion to Dismiss is filed thirty-one days thereafter.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully opposes Defendant's Motion to Dismiss.

        Respectfully submitted,

        **MARKS & KATZ, L.L.C.**

        ___/s/_____
        Jonathan L. Katz
        DC Bar No. 425-615
        1400 Spring St., Suite 410

Silver Spring, MD 20910
(301) 495-4300
Fax: (301) 495-8815
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Opposition was filed by the CM/ECF filing system on July 5, 2007, to Eric J. Soskin, Esquire.

    /s/_____
    Jonathan L. Katz