UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WENYI WANG, )<br>)<br>　　　　Plaintiff, )<br>) | |
| v. ) | CIVIL ACTION NO.<br>1:07-cv-00891-JR |
| )<br>EXECUTIVE OFFICE OF THE )<br>PRESIDENT )<br>) | |
| 　　　　Defendant. )<br>) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**INTRODUCTION**

In Opposition to Defendant's Motion to Dismiss, Plaintiff contends that the second copy of her purported Freedom of Information Act ("FOIA") request should be treated as a request to the "Executive Office of the President" ("EOP"). (Pl. Opp. at 1-2).[1] Notwithstanding this argument, the action should be dismissed for lack of subject matter jurisdiction.

**ARGUMENT**

Characterizing Plaintiff's letter as a FOIA request to EOP is insufficient to establish subject matter jurisdiction over this action.[2] As explained in Defendant's opening brief, "[t]here

---

[1] In the Opposition, Plaintiff also contends the Motion to Dismiss was not timely filed. With Plaintiff's consent, Defendant is concurrently filing a Motion to Enlarge Time pursuant to Fed. R. Civ. P. 6(b)(2) to address this issue.

[2] Defendant also respectfully disagrees with Plaintiff's view that "there was no mistaking" that the letter addressed to "The White House Press Office" was "intended for" EOP. (Pl. Opp. at 2). As set forth herein, however, subject matter jurisdiction is lacking even if the Court accepts Plaintiff's characterization.

is no subject matter jurisdiction under the FOIA unless the complainant has directed a request to an 'agency.'" (Def. Mem. at 4.)

"[I]t has never been thought that the whole Executive Office of the President could be considered a discrete agency under FOIA." United States v. Espy, 145 F.3d 1369, 1373 (D.C. Cir. 1998). See also Tripp v. Exec. Office of the President, 200 F.R.D. 140, 143 (D.D.C. 2001) ("the EOP is not a discrete agency under the FOIA") (citing Espy). Rather, some entities within EOP are subject to the FOIA while others are not. See Armstrong v. Exec. Office of the President, 90 F.3d 553, 558-59 (contrasting the status of the Council on Environmental Quality with the Council of Economic Advisers, both entities within the EOP). Accordingly, even if Plaintiff's purported FOIA request is interpreted as one addressed to EOP at large, and not to the White House Press Office, there remains no subject matter jurisdiction under the FOIA. See Voinche v. Exec. Office of the President, 2007 U.S. Dist. LEXIS 42268 at *4 (D.D.C. June 12, 2007) (Leon, J.) (dismissing FOIA and Privacy Act claims against EOP for lack of subject matter jurisdiction).

## CONCLUSION

For the foregoing reasons as well as for those stated in Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, this case should be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney


 /s/ Eric J. Soskin
ARTHUR R. GOLDBERG, D.C. Bar 418925
Assistant Director

ERIC J. SOSKIN, PA Bar 200663
Trial Attorney

United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Telephone: (202) 353-0533
Facsimile: (202) 616-8460
E-mail: eric.soskin@usdoj.gov

COUNSEL FOR DEFENDANT

Dated: July 12, 2007