UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WENYI WANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:07-cv-00891-JR |
| ) | |
| EXECUTIVE OFFICE OF THE ) | |
| PRESIDENT ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME PURSUANT TO FED. R. CIV. P. 6(b)(2)**

Pursuant to Federal Rule of Civil Procedure 6(b)(2), Defendant Executive Office of the President respectfully moves the Court to enlarge the time permitted for Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 4) by one day and accept the Motion as timely filed. The accompanying memorandum sets forth the grounds for this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

 /s/ Eric J. Soskin
ARTHUR R. GOLDBERG, D.C. Bar 418925
Assistant Director

ERIC J. SOSKIN, PA Bar # 200663
Trial Attorney

                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        P. O. Box 883
                                        Washington, D.C. 20044
                                        202-353-0533 (telephone)
                                        202-616-8460 (facsimile)

                                        Counsel for Defendant

Dated: July 12, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WENYI WANG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXECUTIVE OFFICE OF THE ) <br> PRESIDENT ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. <br> 1:07-cv-00891-JR |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME PURSUANT TO FED. R. CIV. P. 6(b)(2)**

**INTRODUCTION**

Defendant respectfully requests that the Court employ its discretion under Fed. R. Civ. P. 6(b)(2) to enlarge the time permitted for Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 4) by one day and accept the Motion as timely filed. Pursuant to Rule 7(m) of this Court, Defendant's counsel has conferred in good faith by telephone and e-mail with Plaintiff's counsel on the subject matter of this motion, and does not oppose "treat[ing] the motion to dismiss as timely filed."

**STATEMENT OF FACTS**

Plaintiff Wenyi Wang filed this action on May 11, 2007. (Doc. No. 1). Copies of the Complaint were sent via certified mail on May 17, 2007 to the Attorney General, the United States Attorney for the District of Columbia, and the Executive Office of the President. (Doc. No. 6) Service was completed on May 21, 2007. (Id.) Erroneously believing that service had

been completed on May 22, 2007, Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction on June 21, 2007, one day after the thirty-day period for service had expired. (Decl., attached as Ex. A).

## LEGAL STANDARD

Fed. R. Civ. P. 6(b)(2) permits the Court to enlarge the time "upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b)(2).

In determining whether a party's neglect is "excusable," the Court should weigh "the danger of prejudice" to the non-moving party, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Yesudian ex rel. U.S. v. Howard University, 270 F.3d 969, 971 (D.C. Cir. 2001). "'[E]xcusable neglect' ... is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." In re Vitamins Antitrust Class Actions, 327 F.3d 1207, 1210 (D.C. Cir. 2003).

## ARGUMENT

I.   Length of Delay and Prejudice.

The brief, one-day delay in the filing of the motion created minimal prejudice to the Plaintiff. More than ten months passed between the June 22, 2006 and July 10, 2006 mailings described in Plaintiff's Complaint and the May 11, 2007 filing of this action. (Compl. at ¶¶ 7 - 9.) The one-day delay is also brief in comparison to the six days between the filing of this action

(and issuance of the three Summons) on May 11, 2007 and the certified mailing of the Summons and Complaint to the Defendant on May 17, 2007. Finally, Plaintiff confirms the minimal prejudice by consenting to the treatment of the motion as timely filed.

II.     Reason for Delay and Good Faith.

Counsel for Defendant filed the Motion to Dismiss with a good faith belief in its timeliness. The explanation for this erroneous belief should be found excusable.

Effective service of the Complaint required serving three parties: the United States Attorney, the Attorney General of the United States, and the defendant agency or entity. Fed. R. Civ. P. 4(i)(2)(A); Fed. R. Civ. P. 4(i)(1). As is customary, counsel for Defendant received a copy of the Complaint as served on the Attorney General, containing only that date of service: May 21, 2007. (Decl. at ¶ 2.)

To obtain the date of service on the United States Attorney, undersigned counsel contacted the docket clerk for the United States Attorney. (Id. at ¶ 3.) After an exchange of voicemail, counsel spoke with the docket clerk and erroneously recorded May 22, 2007 as the date of service in notes and on a calendar. (Id. at ¶ 3.) Undersigned counsel therefore believed that a response was due June 21, 2007.[1] (Id. at ¶ 4.)

Undersigned counsel also attempted to obtain the date of service by consulting the proof of service. (Id. at ¶ 5.) In cases where such proof of service has been filed, the date of service

---

[1] Although the United States typically has 60 days in which to respond to a complaint, the FOIA specifies a period of thirty days. Compare Fed. R. Civ. P. 12(a)(3)(A) with 5 U.S.C. § 552(a)(4)(C).

may be verified by consulting such proof, which "shall show the date and manner of service."[2] Local R. Civ. P. 5.3. In the instant case, Plaintiff's counsel first filed proof of service on July 7, 2007, more than two weeks after the filing of Defendant's Motion to Dismiss. (Decl. of Service, Doc. No. 6). Plaintiff's proof of service was therefore unavailable as a source of the correct dates of service .

## CONCLUSION

Accordingly, the Court should find that the one-day delay in filing Defendant's Motion to Dismiss constitutes excusable neglect and accept the Motion to Dismiss as filed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

   /s/ Eric J. Soskin
ARTHUR R. GOLDBERG, D.C. Bar 418925
Assistant Director

ERIC J. SOSKIN, PA Bar # 200663
Trial Attorney

U.S. Department of Justice
Civil Division, Federal Programs Branch
P. O. Box 883
Washington, D.C. 20044

---

[2] Although Local Rule 5.3 requires that proof of service be filed for all "papers required or permitted to be served," it does not set a time period in which such proof must be filed for documents such as a Complaint for which proof is unavailable until after the initial filing. Defendant does not contend that Plaintiff did not comply with Local Rule 5.3.

        202-353-0533 (telephone)
        202-616-8460 (facsimile)

        Counsel for Defendant

Dated: July 12, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WENYI WANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:07-cv-00891-JR |
| | ) | |
| EXECUTIVE OFFICE OF THE PRESIDENT | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF ERIC SOSKIN**

I, Eric Soskin, hereby declare as follows:

1. I am a trial attorney with the Department of Justice, Civil Division, Federal Programs Branch, and I represent Defendant Executive Office of the President in this action.

2. I was assigned to handle this case on June 5, 2007. At that time, I received a copy of the Complaint served on the Attorney General and recorded the date of service for that copy as May 21, 2007.

3. On June 6, 2007, I telephoned the docket clerk for the United States Attorney for the District of Columbia to ascertain the date of service of the Complaint on the United States Attorney. Several days later, after exchanging voicemail, I spoke with her and recorded a service date of May 22, 2007 in my notes and on my calendar. Because May 22, 2007 appeared to be a plausible date of service, I did not request any documentary confirmation of the date from the U.S. Attorney's Office, and relied instead on the date that I erroneously recorded in my notes.

4. Pursuant to the 30-day time limit set forth in 5 U.S.C. § 552, and using a date of completed service of May 22, 2007, I calculated that the deadline to answer or otherwise respond to the Complaint was June 21, 2007.

5. On at least two occasions between June 6, 2007, and June 20, 2007, I consulted the electronic docket for this case to see if proof of service had been entered. At that time, no proof of service had been filed.

6. I filed the Motion to Dismiss on June 21, 2007 at approximately 3:00 p.m. with a good faith belief that it had been timely filed.

7. Prior to my receipt of Plaintiff's Opposition on July 6, 2007, I had no information to suggest that the Motion to Dismiss had not been timely filed.

8. Upon receipt of Plaintiff's Declaration of Service on July 9, 2007 (following its filing on July 7, 2007), I confirmed that Plaintiff's Complaint had been properly served on May 21, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 12, 2007.

/s/ Eric J. Soskin_____
**ERIC J. SOSKIN**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| WENYI WANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) 1:07-cv-00891-JR |
| | ) |
| EXECUTIVE OFFICE OF THE PRESIDENT | ) |
| | ) |
| Defendant. | ) |

**[Proposed] ORDER**

Pursuant to Fed. R. Civ. P. 6(b)(2) and upon consideration of defendant's motion to enlarge the time to answer, it is, this _____ day of _____, 2007,

ORDERED, that defendant's motion is granted; and it is

FURTHER ORDERED, that the time to answer shall be extended by one day to June 21, 2007; and it is

FURTHER ORDERED that defendant's Motion to Dismiss is accepted as timely filed.

_____
James Robertson
United States District Judge