UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WENYI WANG,                          :
                                     :
       Plaintiff,                 :
                                     :
  v.                                 :   Civil Action No. 07-0891 (JR)
                                     :
EXECUTIVE OFFICE OF THE              :
PRESIDENT,                           :
                                     :
       Defendant.                 :

### MEMORANDUM

       Plaintiff in this case sent a Freedom of Information Act ("FOIA") request to the "White House Press Office." See Complaint [1] at ¶ 7. She asked for the identity of a cameraman from China Central Television who may have accosted her during the visit of Chinese President Hu Jintao. Id. There was no response until this suit was filed, at which point the government argued that this Court lacks jurisdiction over the case because the White House Press Office is not an agency within the meaning of FOIA. See 5 U.S.C. § 552(f) (defining "agency"). That contention is well founded, and this matter will be dismissed for lack of jurisdiction.

       The parties initially disagree about whether the FOIA request was directed to the White House Press Office or to the Office of Administration. According to the Complaint, copies were sent to both. Complaint [1] at ¶¶ 7, 9. There is no dispute, however, that the FOIA request was headed "FOIA REQUEST / To the White House Press Office." Id. at ¶ 7.

FOIA applies to the Executive Office of the President. See 5 U.S.C. § 552(f) (expressly including the Office within the definition of "agency"). The Supreme Court has made clear, however, that the Office of the President – that is "the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President," see Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 156 (1980) – is not included within the ambit of FOIA. FOIA confers agency status only "on any administrative unit with substantial independent authority in the exercise of specific functions," Soucie v. David, 448 F.2d 1067 (D.C. Cir. 1971), a definition that has been used to consider whether a particular body with the Executive Office is part of, or distinct from, the Office of the President. Under the logic of Soucie, the Council of Economic Advisers is considered part of the Office of the President, and exempt from FOIA, because it has no "substantial independent authority in the exercise of specific functions" – its sole function is to advise and assist the President in discharging his independent authority. See Rushforth v. Council of Economic Advisers, 762 F.2d 1038 (D.C. Cir. 1985); see also Meyer v. Bush, 981 F.2d 1288, 1292 (D.C. Cir. 1993) (Task Force on Regulatory Relief not an "agency" within meaning of FOIA).

The White House Press Office, headed by the press secretary, similarly lacks independent regulatory authority or governmental function.  Its role is to help the President communicate effectively with the media (or not), and to advise him on questions of public relations.  It is therefore not an "agency" within the meaning of FOIA, and I do not have subject matter jurisdiction over a suit seeking the FOIA release of documents from it.

An appropriate order accompanies this memorandum.


                                        JAMES ROBERTSON
                                   United States District Judge