UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WENYI WANG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXECUTIVE OFFICE OF THE ) <br> PRESIDENT ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. <br> 1:07-cv-00891-JR |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND DISMISSAL ORDER**

Defendant hereby opposes the Motion to Amend Dismissal Order (dkt. no. 13) filed by Plaintiff Wenyi Wang, which seeks amendment of the Court's January 18, 2008 Order dismissing her case for lack of subject matter jurisdiction. (Order, dkt. no. 12). Plaintiff has not established a justification for amendment of the Court's Order. The Court lacked subject matter jurisdiction over this action, and it correctly concluded that the White House Press Office is not an agency within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(f).

**BACKGROUND**

On May 11, 2007, Plaintiff filed suit alleging that the Defendant had failed to provide documents requested in a FOIA submission headlined "FOIA REQUEST / To the White House Press Office." On January 18, 2008, this Court entered its Order dismissing the case for lack of subject matter jurisdiction, explaining in an accompanying memorandum that the White House Press Office "lacks independent regulatory authority or governmental function . . . [and] is therefore not an "agency" within the meaning of FOIA . . . ." (Memorandum, dkt. no. 11; Order, dkt. no. 12). Plaintiff filed her motion to amend the dismissal on February 4, 2008. (dkt. no. 13).

## ARGUMENT

A.  The Petitioner Has Not Met the Standard for Alteration or Amendment of the Final Order of Dismissal.

Motions under Rule 59(e) are disfavored, and relief under the rule is granted only when the moving party establishes extraordinary circumstances. See Anyanwutaku v. Moore, 331 U.S. App. D.C. 379, 151 F.3d 1053, 1057 (D.C. Cir. 1998). Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. A Rule 59(e) motion is not a second opportunity to present arguments upon which the Court already has ruled or to present arguments that could have been presented earlier. See W.C. & A.N. Miller Co. v. United States, 173 F.R.D. 1, 3 (D.D.C. 1997), aff'd sub nom. Hicks v. United States, No. 99-5010, 1999 U.S. App. LEXIS 13376, 1999 WL 414253 (D.C. Cir. May 17, 1999).

Plaintiff has not met this standard because, as explained below, the Court lacked jurisdiction over Plaintiffs' claims, so dismissal of this action could not have been "clear error or prevent manifest injustice," and Plaintiff has not identified any new evidence or an intervening change of controlling law.

B.  This Court Correctly Held that It Lacked Subject Matter Jurisdiction.

There is no subject matter jurisdiction under the FOIA unless the complainant has directed a request to an "agency." 5 U.S.C. § 552(a); 5 U.S.C. § 552(a)(4)(B). As the Supreme Court explained in Kissinger v. v. Reporters Comm. for Freedom of the Press, many entities within the Executive Office of the President are not "agencies" within the meaning of FOIA, including "the Office of the President [or any of] the President's immediate personal staff or

2

units in the Executive Office whose sole function is to advise and assist the President." 445 U.S. 136, 156 (1980). See also Soucie v. David, 448 F.2d 1067 (D.C. Cir. 1971) (an administrative unit must have "substantial independent authority in the exercise of specific functions" to be subject to FOIA).

As this Court correctly held, like other administrative units in the Office of the President, the White House Press Office is not an "agency" within the ambit of FOIA because it "similarly lacks independent regulatory authority or governmental function." (dkt. no. 11). Rather, "[i]ts role is to help the President communicate . . . and to advise him on questions of public relations." Id.; see also Office of the Federal Register, Nat'l Archives and Records Admin., The United States Government Manual 2007/2008 88-89 (2006) (available at http://origin.www.gpoaccess. gov/gmanual/).

Nor did the Court make a "clear error" by dismissing the case without providing jurisdictional discovery into whether the White House Press Office "does indeed function independently enough," as Plaintiff now alleges. (dkt. no. 13). "In order to avoid burdening a sovereign that proves to be immune from suit . . . jurisdictional discovery should be carefully controlled and limited." Phoenix Consulting, Inc. v. Republic of Angola, 342 U.S. App. D.C. 145, 216 F.3d 36, 40 (D.C. Cir. 2000).[1]  Plaintiff has never raised a disputed issue of fact calling into question whether the White House Press Office has independent regulatory authority or governmental function, and does not do so now. (Opposition to Motion to Dismiss, dkt. no. 5;

---

[1] Weisberg v. Department of Justice, 627 F.2d 365 (D.C. Cir. 1980), cited by Plaintiff, is inapposite. In Weisberg, the plaintiff did not seek jurisdictional discovery into whether he had requested documents from an "agency" within the meaning of FOIA, but rather sought additional discovery into the availability of responsive documents from an acknowledged agency. See Weisberg, 627 F.2d at 367-69.

3

Motion to Amend Dismissal Order, dkt. no. 13). Accordingly, Plaintiff is not entitled to jurisdictional discovery.

## CONCLUSION

The Court properly dismissed this action for lack of subject matter jurisdiction. Accordingly, Plaintiff's Motion to Amend Dismissal Order should be denied.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General


JEFFREY A. TAYLOR
United States Attorney


 /s/ Eric J. Soskin
ELIZABETH J. SHAPIRO, D.C. Bar 418925
Assistant Branch Director
U.S. Department of Justice
Civil Division, Federal Programs Branch
ERIC J. SOSKIN, PA Bar 200663
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Telephone:  (202) 353-0533
Facsimile:   (202) 616-8460
E-mail: eric.soskin@usdoj.gov

COUNSEL FOR DEFENDANT

February 15, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| WENYI WANG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT<br><br>　　　　Defendant. | )<br>)<br>)<br>)　CIVIL ACTION NO.<br>)　1:07-cv-00891-JR<br>)<br>)<br>)<br>)<br>)<br>) |

**[Proposed] ORDER**

Upon consideration of plaintiff's motion to amend dismissal order, the opposition thereto, and the entire record herein, it is, this _____ day of _____, 2008,

ORDERED, that plaintiff's motion is DENIED.

_____
James Robertson
United States District Judge